UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joyce Boyd, | ) C/A No. 1:11-424-MBS-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Wal-Mart, | ) Report and Recommendation |
| | ) |
| Defendant. | ) |

Plaintiff, Joyce Boyd, proceeding *pro se*, filed the instant action alleging employment discrimination against Defendant Wal-Mart. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

1

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

The Complaint alleges that Defendant Wal-Mart subjected Plaintiff to racially motivated employment discrimination. ECF No. 1. On March 4, 2011, the undersigned Magistrate Judge issued an Order directing Plaintiff to bring this action into proper form by: (1) providing service documents for the Defendant; (2) answering Local Rule 26.01 interrogatories; and (3) answering special interrogatories to determine whether Plaintiff has exhausted her administrative remedies. ECF No. 6. Plaintiff was informed that failure to comply with the Order, within twenty-one (21) days (plus three (3) days for mail time), would subject the case to dismissal. Plaintiff did not respond to the Order by the deadline of March 28, 2011. Therefore, Plaintiff has failed to comply with an Order of this Court. Further, Plaintiff has failed to provide the Court with necessary information and paperwork to accomplish review and possible service of process under 28 U.S.C. § 1915 in this case. As Plaintiff has failed to prosecute this case, the action should be dismissed.

It is well established that this Court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also U.S. v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). *Id.* at 630. This case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b), which allows for dismissal based on

failure of the plaintiff "to prosecute or to comply with these rules or a court order."   Because the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

Recommendation

Accordingly, it is recommended  that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

Joseph R. McCrorey<br>United States Magistrate Judge

April 27, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).