IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Joyce Boyd,<br><br>    Plaintiff,<br><br>vs.<br><br>Wal-Mart Stores East, L.P.,<br><br>    Defendant. | C/A No.: 1:11-424-TLW-SVH<br><br>REPORT AND RECOMMENDATION |

In this employment discrimination case, the *pro se* plaintiff, Joyce Boyd ("Plaintiff"), is suing her former employer Wal-Mart Stores East, L.P. ("Defendant"). In her second amended complaint,[1] Plaintiff alleges claims of discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). [Entry #51 at 1, 4–5]. She also asserts a claim under the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-50, et seq. *Id.* at 6.

This matter comes before the court on Defendant's motion to dismiss filed on April 10, 2012 pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [Entry #39]. On April 11, 2012, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th

---

[1] Although Defendant's motion to dismiss [Entry #39] sought dismissal of Plaintiff's first amended complaint [Entry #25], the undersigned noted in granting Plaintiff's subsequent motion to amend the amended complaint that the court would deem Defendant's motion as one to dismiss the second amended complaint unless Defendant chose to file an answer or other responsive pleading by June 1, 2012. [Entry #48]. Defendant did not file an answer or any other pleading by the deadline. Thus, the undersigned deems Defendant's pending motion as a motion to dismiss the second amended complaint.

Cir. 1975), notifying Plaintiff of the dismissal procedure and possible consequences if she failed to adequately respond to the motion to dismiss. [Entry #44]. Plaintiff filed a response to the motion on May 17, 2012 [Entry #46], and Defendant filed a reply on May 29, 2012. [Entry #52]. The motion having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion as to Plaintiff's Title VII claims and decline to exercise supplemental jurisdiction over Plaintiff's SCPWA claim.

I.     Factual and Procedural Background

Plaintiff alleges she began employment with Defendant on October 12, 1993 and was terminated on January 7, 2011. [Entry #51 at 1]. She contends that during her employment, she was discriminated against because of her race and was terminated in retaliation for reporting her supervisor's actions of racial discrimination. *Id.* at 2–3. She further contends she was not fully compensated for extra duties she performed for approximately six months at Defendant's request. *Id.* at 6. Plaintiff seeks injunctive relief as well as unspecified compensatory and punitive damages. *Id.* at 7.

After her termination, Plaintiff filed a charge of discrimination with the United States Equal Opportunity Commission ("EEOC"). Her charge was ultimately dismissed

[Entry #39-3 at 2]; however, the parties disagree on the date the EEOC issued the Dismissal and Notice of Rights ("Dismissal").[2]

II.   Discussion

    A.   Standard of Review

Defendant's motion to dismiss is solely based on the argument that Plaintiff's complaint in this matter was untimely. Although Defendant asserts that the motion is brought pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), its untimeliness argument "is not an argument challenging the district court's subject matter jurisdiction to hear the claim." *Laber v. Harvey,* 438 F.3d 404, 429 n. 25 (4th Cir. 2006). Therefore, this argument is properly reviewed under Rule 12(b)(6) rather than Rule 12(b)(1). *See Anderson v. McHugh*, C/A No. 3:10-2137, 2011 WL 2731211, at *1 (D.S.C. April 22, 2011). However, because Defendant has presented matters outside the pleadings in support of its motion, the court analyzes the motion under Rule 56. *See* Fed. R. Civ. P. 12(d).

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact

---

[2] The Dismissal form utilized by the EEOC includes a section entitled "Notice of Suit Rights" [Entry #39-3 at 2] and, consequently, may be referred to as a "Right to Sue" letter.

cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Title VII Claims

Defendant contends that Plaintiff's Title VII claims must be dismissed as time-barred because she did not file the present lawsuit within 90 days of receiving the Dismissal from the EEOC. [Entry #39-2 at 2–3]. Plaintiff disputes the date of the Dismissal and argues she filed her complaint exactly 90 days from the date the EEOC issued the Dismissal. [Entry #46 at 1].

By statute, a civil action under Title VII must be filed within 90 days of the date of receipt by a claimant of a duly-issued notice of right to sue from the EEOC. 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e); *see also Coleman v. Talbot Cty. Detention Ctr.*, 242 Fed. Appx. 72, 73 (4th Cir. 2007); *Aziz v. Orbital Scis. Corp.*, No. 98–1281, 1998 WL 736469, at *1 (4th Cir. Oct. 19, 1998) ("Title VII . . . allow[s] an aggrieved party ninety days after receipt of a right-to-sue letter from the EEOC to file a civil action"). If not filed within this time period, the lawsuit is generally deemed to be untimely and the individual is barred from pursuing her claim. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–150 (1984), *reh'g denied*, 467 U.S. 1231 (1984); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).

Plaintiff filed her initial complaint in this action on February 22, 2011. [Entry #1]. The parties dispute the date that the EEOC issued the Dismissal, which included the notice of right to sue. Defendant contends the Dismissal is dated November 4, 2010 and

that Plaintiff's complaint was filed 110 days later. [Entry #39-2 at 2]. Plaintiff argues that the Dismissal was dated November 24, 2010 and that she filed her complaint exactly 90 days later. [Entry #46 at 1]. Plaintiff also states in her answers to the court's special interrogatories that she "received her 'Right to Sue' letter on November 24, 2010. [Entry #26 at 1].

The Dismissal is stamped "NOV – 4 2010." [Entry #39-3 at 2]. Plaintiff has not explained the basis for her argument that the Dismissal was dated November 24, 2010, but it may be that she interpreted the dash on the date stamp as a 2. Plaintiff's rationale is of no moment, however, because Defendant has produced documentation demonstrating that the Dismissal was circulated to its EEOC defense counsel on November 11, 2010. [Entry #52-2 at 4–5]. Consequently, even when viewed in the light most favorable to Plaintiff the record is clear that the Dismissal was issued on November 4, 2010 rather than on November 24, 2010.

Plaintiff's contention that she did not receive the Dismissal until November 24, 2010 does not save her claims. "When the actual date of the plaintiff's receipt of notice is unknown or in dispute, the court presumes receipt three days after mailing." *Dunbar v. Food Lion*, 542 F. Supp. 2d 448, 450–51 (D.S.C. 2008). Under the three-day rule, the court would presume Plaintiff received the Dismissal on November 7, 2010, and her time for filing a complaint expired on February 7, 2011.[3] The Fourth Circuit has explicitly rejected the actual receipt rule and expressed concerns that adoption of the rule would

---

[3] The 90-day time period ran on Saturday, February 5, 2011; therefore, applying Fed. R. Civ. P. 6(a)(1), the time for filing was extended to February 7, 2011.

permit the limitations period to be "subject to manipulation." *See Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir. 1987). Therefore, Plaintiff's filing of her complaint on February 22, 2011 was more than 90 days after the presumed receipt date and her Title VII claims are subject to dismissal.

Although courts may apply equitable tolling to statutory deadlines, Plaintiff has made no such argument here. Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). In the employment context, courts have held that equitable tolling applies "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987) (ADEA). It may also apply where "a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (internal citations omitted) (Title VII). However, equitable tolling of the 90-day limitations period does not apply to a "garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Plaintiff has not demonstrated or even alleged circumstances meeting this standard. Accordingly, the undersigned recommends a finding that Plaintiff's Title VII claims of discrimination, retaliation, and hostile work environment are time barred.

7

      2.  South Carolina Payment of Wages Act Claim

To the extent Plaintiff has alleged a state law claim under the SCPWA, such a state law claim could be heard by this court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims.[4]  Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) where "the district court has dismissed all claims over which it has original jurisdiction."  Given the foregoing recommendation to dismiss Plaintiff's Title VII claims, the undersigned recommends that the district judge decline to exercise supplemental jurisdiction over Plaintiff's SCPWA claim.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court grant Defendant's motion to dismiss Plaintiff's Title VII discrimination, retaliation, and hostile work environment claims and decline to exercise supplemental jurisdiction over Plaintiff's SCPWA claim.

---

[4] A civil action for Plaintiff's state law claim could be cognizable in this court under the diversity statute if that statute's requirements are satisfied.  The diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000.  *See* 28 U.S.C. § 1332(a).  Here, Plaintiff alleges that she is a resident of Aiken, South Carolina, and that Defendant is a South Carolina corporation doing business in Aiken, South Carolina. [Entry #51 at 1].  Thus, she has not pled diversity of the parties.  Furthermore, Plaintiff's responses to the court's special interrogatories [Entry #61] suggest that the required amount in controversy has not been met.  Accordingly, the court does not have diversity jurisdiction over this case.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

December 27, 2012                                        Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).